## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 15 2016, 11:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel N. Begly, | November 15, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 20A05-1604-CR-939 |
| v. | Appeal from the Elkhart Superior Court |
| State of Indiana, | The Honorable Evan S. Roberts, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 20D01-1506-F5-122 |

**Najam, Judge.**

# Statement of the Case

Daniel Begly appeals the trial court's order imposing a $10,000 fine following his convictions for attempted kidnapping, as a Level 5 felony; battery against a public safety officer, as a Level 5 felony; resisting law enforcement, as a Level 6 felony; and battery, as a Class A misdemeanor. Begly presents a single issue for our review, namely, whether the trial court erred when it did not hold an indigency hearing to determine his ability to pay the fine. We affirm.

# Facts and Procedural History

Following a jury trial, Begly was convicted of three felonies and one misdemeanor, and the trial court sentenced Begly to an aggregate term of seven years. At sentencing, the trial court ordered Begly to pay "a fine of $10,000 which is not suspended[1] and is due and payable one (1) year after his release from incarceration." Appellant's App. at 29. Begly's counsel advised the trial court that an indigency hearing was required, but the trial court disagreed and stated that it would hold an indigency hearing when the fine became due and payable. This appeal ensued.

---

[1] Neither party addresses the fact that the trial court's order is inconsistent in that it states both that the fine is not suspended and that it is not "due and payable" until one year after his release from incarceration. Because the parties do not dispute the wording of the order, we do not address this apparent inconsistency. Regardless, it is clear from the trial court's order that *payment* of the fine is suspended until one year after Begly's release from incarceration.

# Discussion and Decision

[3]     Indiana Code Section 35-38-1-18 (2016) provides in relevant part as follows:

> (a) Except as provided in subsection (b), whenever the court imposes a fine, it shall conduct a hearing to determine whether the convicted person is indigent. . . .
>
> (b) A court may impose a fine and suspend payment of all or part of the fine until the convicted person has completed all or part of the sentence.  If the court suspends payment of the fine, *the court shall conduct a hearing at the time the fine is due to determine whether the convicted person is indigent*.

(Emphasis added).

[4]     Here, it is undisputed that the $10,000 fine imposed by the trial court is not due and payable until one year after Begly is released from incarceration.  Indiana Code Section 35-38-1-18 unambiguously provides that where, as here, the court suspends payment of a fine, no hearing on a defendant's ability to pay the fine shall be conducted until it is due.  Begly's contention to the contrary is without merit.

[5]     Affirmed.


Vaidik, C.J., and Baker, J., concur.